LINCOLN ROBERT STEWART, EXECUTOR OF THE ESTATE OF R. K. STEWART, DECEASED, v. NAN W. STEWART.

(Filed 14 December, 1955.)

**Executors and Administrators § 26: Wills § 33e—**

> Where the will provides that testator's widow should receive an annuity in a specified sum for life, consonant with an antenuptial agreement between the parties, and that the estate should remain unsettled for this purpose during the widow's lifetime, the executor is not entitled to force the widow to accept a lump sum payment in commutation of the annuity.

APPEAL by petitioner from *Crissman, J.,* at Chambers, GUILFORD.

The petitioner initiated this proceeding before the Clerk Superior Court of Guilford County to require the respondent to accept a lump-sum payment based on her life expectancy according to the mortuary table in lieu of the $2,000 which her antenuptial agreement with R. K. Stewart provided should be paid to her each year during her life. The will of petitioner's testator provided: "My estate must remain open and unsettled in the hands of my said executor, Lincoln Stewart, during the lifetime of my wife above named for the payment of the sums provided for her in the said ante-nuptial agreement." (For further facts, see *Stewart v. Stewart,* 222 N.C. 387, 23 S.E. 2d 306.)

The respondent filed answer to the petition, objecting to the lump-sum payment upon two grounds: (1) That she is from a "long lived" family and in excellent health, with life expectancy much longer than the average; (2) that a lump-sum payment would place her in a much higher tax bracket than the annual payments provided for in the agreement with her husband.

The Clerk (1) denied the relief asked for in the petition, (2) ordered the payments made annually as provided in the agreement and confirmed by the will, and (3) ordered the executor to postpone settlement of the estate until after the death of Nan Stewart.

On appeal the Judge Superior Court ordered the payments made during the life of Nan W. Stewart as provided in the agreement. From the order, petitioner appealed.

*G. H. Jones and Knox Walker for petitioner, appellant.*
*James B. Lovelace for respondent, appellee.*

PER CURIAM. The widow has a right to insist upon the payments as provided for in her antenuptial contract. The will provides the estate must remain open and unsettled until the payments are made as pro-

vided. No reason appears why the contract should not be carried out as written. The judgment of the Superior Court of Guilford County is Affirmed.